UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------X
DOGGETT COMPANY, LLC,                  :    CIVIL ACTION NO. ____
               Plaintiff,      :
            v.                         :
RICHARD RAWLINGS,                      :    JURY TRIAL DEMANDED
               Defendant.      :
---------------------------------X

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Doggett Company, LLC ("Plaintiff") files this Complaint against defendant Richard Rawlings ("Defendant"), and alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action for cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), for infringement of Plaintiff's federally-registered trademark "DOGGETT", US Registration No. 7526296 (the "Doggett Mark") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of common law trademark infringement and unfair competition under the laws of the State of Texas, all arising from Defendant's unlawful registration and use of the following seven (7) domain names, Doggettcar.com, Doggettcars.com, Doggettmotor.com, Doggettmotorcars.com, Doggettmotors.com, Doggettusedcar.com, and Doggettusedcars.com (each a "Domain Name" and collectively, the "Domain Names"), which are each confusingly similar to The Doggett Mark.

2. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), the Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendant is a resident of Texas and Defendant resides in this judicial district, a substantial part of the events giving rise to the claims occurred in this district, and Defendant is using infringing trademarks in this judicial district.

5. Defendant is subject to personal jurisdiction in this District because the Defendant: engages in substantial and not isolated activity within this state; and/or operated, conducted, engaged in, or carried on a business or business venture in this state.

## PARTIES

6. Plaintiff is a limited liability company formed under the laws of Texas and does business across Texas. Plaintiff is the owner of The Doggett Mark.

7. Upon information and belief, Defendant is an individual who resides at 21411 Delridge Lane, Spring, TX 77388. Upon information and belief, Defendant has registered and is offering the Domain Names for sale.

**FACTS**

A. <u>Plaintiff and its Doggett Mark</u>

8. Plaintiff is a dealership of a large variety of vehicles and is the owner of the Doggett Mark. Attached as <u>Exhibit 1</u> is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 7526296, which was issued by the USPTO on October 8, 2024.

9. Plaintiff has used the Doggett Mark in commerce across Texas, Louisiana, and Arkansas continuously since: (i) December 31, 2012 in connection with "Structural repair parts for motor vehicles namely, fork lift trucks, fork lifts, earth moving equipment, excavators, forestry equipment, construction equipment, cranes, trucks, and trailers;" (ii) December 12, 2017 for "Retail and on-line retail store services featuring parts for automotive, fork lift trucks, fork lifts, earth moving equipment, excavators, forestry equipment, construction equipment, cranes, trucks, trailers; Retail and on-line retail store services featuring parts, batteries, and industrial batteries; Dealerships in the field of automobiles, fork lift trucks, fork lifts, earth moving machines, excavators, forestry equipment, construction equipment, cranes, trucks, and trailers;" (iii) December 12, 2017 for "Financing services relating to automotive, fork lift trucks, fork lifts, earth moving equipment, excavators, forestry equipment, construction equipment, cranes, trucks, and trailer;" (iv) December 12, 2017 for "Repair, maintenance, and modification of motor vehicles namely, fork lift trucks, fork lifts, earth moving machines, excavators, forestry equipment, construction equipment, cranes, trucks, dump trucks, and trailers; Rental of earth moving equipment, excavators, and truck cranes; Installation of storage and handling systems being conveyors being machines and storage racks;" (v) December 12, 2017 for "Rental of fork lifts; Rental of fork lift trucks, fork lifts, and trucks with a crane feature incorporated;" and (vi) October

16, 2016 for "Consulting in the field of custom design of warehouse buildings, storage facilities, and handling systems being machines, apparatus, instruments, including their parts, or systems composed of such machines, apparatus, and instruments; Consulting in the field of product design, specifically, storage goods," (collectively, the "Goods and Services").

10. As a result of its widespread, continuous, and exclusive use of the Doggett Mark to identify its Goods and Services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Doggett Mark. Plaintiff owned these rights prior to the Defendant's registration and use of the Domain Names.

11. Plaintiff's Doggett Mark is distinctive to both the consuming public and Plaintiff's trade.

12. Plaintiff also controls the operation of the domain, doggett.com (the "Doggett Domain"), through which the Goods and Services are offered. Doggett.com is owned by an entity affiliated with, and under 100% common control of, the Plaintiff. A copy of the homepage to which the domain name resolves is attached as Exhibit 2. Plaintiff (and/or the affiliated entity) has owned and operated the Doggett Domain since May 2, 2004.

13. Plaintiff has prominently and extensively used, promoted, and advertised the Doggett Mark and the Doggett Domain for over twenty years. Moreover, the Plaintiff has been using the Doggett Mark in connection with automotive dealerships since at least 2017. For example, Plaintiff (via an affiliated entity) has setup and used the Doggett Mark on www.doggettford.com to promote the Doggett Ford Dealership that it acquired in 2018, attached hereto as Exhibit 3. In another example, Plaintiff (via an affiliated entity) has used the Doggett Mark on the signage at its automotive dealerships, attached hereto as Exhibit 4. In yet another

example, Plaintiff (via an affiliated entity) has also used the Doggett Mark on www.doggettautogroup.com to promote its automotive dealerships since at least 2018, attached hereto as Exhibit 5. These examples are not intended to be an exhaustive list of Plaintiff's (and its affiliated entities') use of the Doggett Mark.

14. By virtue of these efforts, the Doggett Mark and the Doggett Domain have become well recognized by consumers as designating Plaintiff (and its affiliated entities) as the source of the Goods and Services so marked and, with particular relevance to the instant proceeding, in connection with automotive dealerships. Accordingly, the Doggett Mark and the Doggett Domain are extremely valuable to the Plaintiff.

15. Plaintiff has scrupulously and successfully enforced and protected its Doggett Mark against past infringements and acts of cybersquatting. In particular, Plaintiff has successfully taken action against Defendant for nearly identical behavior in a Uniform Domain-Name Dispute-Resolution Policy ("UDRP") proceeding, the decision of which is attached hereto as Exhibit 6 ("First UDRP Decision"). In addition, Plaintiff is currently pursuing another UDRP proceeding against Defendant, attached hereto as Exhibit 7 ("Second UDRP Proceeding"), for the following domain names: Doggettbuickgmc.com, Doggettchrysler.com, Doggettgmcbuick.com, Doggettmercedes.com, and Doggettcar.com.

B.   Defendant's Registration and Use of the Domain Names

16. Upon information and belief, on or about November 12, 2024, Defendant registered the Domain Names with the registrar GoDaddy.com, LLC (the "Registrar"). Upon information and belief, Defendant is currently the registrant of the Domain Name. Although the WHOIS record does not disclose the identity of the domain name registrant, based on Defendant's past actions

5

and the revelation that Defendant is the registrant or Doggettcar.com, which was also registered on or about November 12, 2024, Plaintiff has strong reason to believe that Defendant is also the registrant of the Domain Names.

17. The Domain Names are each identical or confusingly similar to Plaintiff's Doggett Mark, which was distinctive when Defendant registered the Domain Names. Upon information and belief, Defendant was aware of Plaintiff's rights in the Doggett Mark when it selected and registered the Domain Names, and knowingly and intentionally registered the Domain Names because of its similarity to the Doggett Mark. Specifically, Defendant has previously been found to have registered other, similar domain names in the First UDRP Decision mentioned above and attached hereto as Exhibit 6. Further, upon information and belief, Defendant is a former employee of Plaintiff and thus has specialized knowledge of the Doggett Mark and the Doggett Domain.

18. Upon information and belief, Defendant has no rights in or to any trademark or name that is similar to the Domain Names and is not known by any name that is similar to the Domain Names. Upon information and belief, Defendant had no legitimate purpose for registering the Domain Names and did so only with bad faith intent to profit from the goodwill in the Doggett Mark and from use of the Domain Names as set out herein. In particular, the following of the Domain Names resolve to parking pages offering the domains for sale: Doggettcars.com, Doggettmotor.com, Doggettmotorcars.com, Doggettmotors.com, Doggettusedcar.com, and Doggettusedcars.com.

19. Defendant's bad faith registration and use of the Domain Name is demonstrated by Defendant's attempts to sell the Domain Name to Plaintiff for the Defendant's profit and benefit. In particular, during the pendency of the Second UDRP Proceeding, Defendant has twice

specifically offered for sale the domains in that proceeding to Plaintiff, which is attached hereto as Exhibit 8 and Exhibit 9. In addition, the following of the Domain Names resolve to parking pages offering the domains for sale: Doggettcars.com, Doggettmotor.com, Doggettmotorcars.com, Doggettmotors.com, Doggettusedcar.com, and Doggettusedcars.com. Attached hereto as Exhibit 10 are true and correct copies of the landing pages of the Domain Names.

20. Upon information and belief, when Defendant registered the Domain Names and at all times when Defendant attempted to sell the Domain Names, Defendant was aware of Plaintiff's rights in the Doggett Mark and targeted the Plaintiff for the sale of the Domain Names for the Defendant's financial benefit. At no time before or after Defendant registered the Domain Names did Defendant own any rights in a mark or name that is similar to any of the Domain Names or have any legitimate interest in using the Domain Names or intent to use the Domain Names for its own lawful or legitimate business venture.

21. Upon information and belief, based at least on the First UDRP Decision and the Second UDRP Proceeding, Defendant has engaged in a pattern of this conduct, having attempted to sell domain names containing third-party trademarks to the trademarks' owners.

22. On October 31, 2024, the WIPO held, in the First UDRP Decision, that Defendant violated the UDRP based on Defendant's bad faith registration of the domain names, doggettacura.com, doggettaudi.com, doggettdodge.com, doggetthyundai.com, doggettmercedes-benz.com, doggettmercedesbenz.com, doggettmitsubishi.com, doggettsubaru.com, which was held to be confusingly similar to the Doggett Mark. The panelist held that Defendant "targeted [Plaintiff] in each of the disputed domain names, and finds that in the circumstances of this case

the passive holding of the disputed domain names does not prevent a finding of bad faith under the Policy." Attached hereto as Exhibit 6 is a true and correct copy of this decision.

23. Upon information and belief, Defendant's acts alleged herein are willful, with the deliberate intent to trade on the goodwill of Plaintiff's Doggett Mark, cause confusion and deception online and in the marketplace, divert internet users looking for Plaintiff's Domain or Plaintiff's Goods and Services under the Doggett Mark to the Domain Names.

24. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
## Cybersquatting
## (15 U.S.C. § 1125(d))

25. Plaintiff repeats and realleges paragraphs 1 through 24 hereof, as if fully set forth herein.

26. Plaintiff owns all rights in and to the Doggett Mark, which is strong and distinctive, and was strong and distinctive as of the date that Defendant registered the Domain Names.

27. Defendant registered and trafficked in the Domain Names, which are identical and confusingly similar to Plaintiff's Doggett Mark.

28. Defendant registered and trafficked in the Domain Names with an intent to profit from its confusing similarity to Plaintiff's Doggett Mark. Among other things, upon information and belief:

8

(a) Defendant registered the Domain Names, despite knowing that Defendant had no rights in any name or mark and was not known by any name that was referenced or reflected in the Domain Names;

(b) Defendant made no bona fide, non-infringing, commercial use or fair non-commercial use of the Domain Names;

(c) Defendant attempted to sell the Domain Names to Plaintiff without ever having used or had an intent to use the Domain Name for its own legitimate, non-infringing business; and

(d) domain name dispute-resolution providers have found Defendant to be a cybersquatter in violation of the UDRP.

29. Defendant's conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

30. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, transfer of the Domain Names to Plaintiff.

31. Plaintiff is further entitled to recover its damages and Defendant's profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a). Alternatively, Plaintiff is entitled to maximum statutory damages in the amount of $100,000 for each of the Domain Names pursuant to 15 U.S.C. § 1117(d).

32.     Plaintiff is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

## JURY DEMAND

33.     Plaintiff respectfully requests a trial by jury on all issues that may be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.      That Defendant has violated Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).

2.      Ordering Defendant to, within ten (10) days of the entry of final judgment, transfer to Plaintiff registration of the Domain Names and registrations of any other domain names owned or controlled by Defendant that are confusingly similar to Plaintiff's Doggett Mark (collectively, the "Prohibited Domain Names").

3.      Ordering that the Registrar, upon Plaintiff's request, transfer registration of the Prohibited Domain Names to Plaintiff.

4.      Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a.   owning, registering, trafficking in, or otherwise using any of the Prohibited Domain Names;

   b.   engaging in any activity that infringes Plaintiff's rights in its Doggett Mark;

   c.   engaging in any activity constituting unfair competition with Plaintiff;

    d.    making or displaying any statement, representation, or other indication that is likely to lead the public or the trade to believe that Plaintiff's Goods and Services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

    e.    using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

    f.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating any mark that infringes or is likely to be confused with the Doggett Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

    g.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

5.    Granting such other and further relief as the Court may deem just and proper to prevent the public and trade from deriving the false impression that any website operated by or any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's Goods and Services.

6.    Ordering, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after issuance of an

injunction in this action, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied therewith.

7. Awarding Plaintiff, upon Plaintiff's election, either:

   a. an amount up to three times the amount of its actual damages and all of Defendant's profits realized by its wrongful acts alleged herein, enhanced as appropriate to compensate Plaintiff for the damages caused thereby, in accordance with Section 35(a) and (b) of the Lanham Act (15 U.S.C. § 1117(a), (b)); or

   b. statutory damages in a sum not less than $5,000 and up to $100,000 for each of the Domain Names for Defendant's violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), in accordance with Section 35(d) of the Lanham Act (15 U.S.C. § 1117(d)).

8. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

9. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

10. Awarding such other and further relief as the Court deems just and proper.

Dated: June 18, 2025

                                   Respectfully submitted,

                                   **CHAMBERLAIN, HRDLICKA, WHITE,
                                       WILLIAMS & AUGHTRY, P.C.**

                                   By: */s/ Aly Z. Dossa*

                                       Aly Z. Dossa
                                       Attorney-in-Charge
                                       Texas Bar No. 24053180
                                       Southern District of Texas Bar No. 705062
                                       aly.dossa@chamberlainlaw.com
                                       1200 Smith Street, Suite 1400
                                       Houston, Texas 77002
                                       Telephone: (713) 658-1818
                                       Telecopier: (713) 658-2553
                                       ATTORNEYS FOR PLAINTIFF

**OF COUNSEL:**

Marcus Burnside
Texas Bar No. 24101582
Southern District of Texas Bar No. 3864305
marcus.burnside@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Telecopier: (713) 658-2553